IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Th e United States of America, in the Family of Nations; State of California Republican form of Government,<br><br>Petitioner,<br><br>v.<br><br>Henrik Sardariani, 15153 Greenleaf Street, Sherman Oaks, California,<br>Respondents. | Case No. CV08-07547<br><br>**JUDGMENT** |

On January 26, 2009, pursuant to the Minute Order attached hereto as **Exhibit 1**, the Court granted Intervenor Washington Mutual Bank's Motion to Dismiss Plaintiff's action with prejudice. Accordingly, Washington Mutual Bank shall have judgment as and against Plaintiff/Petitioner.

Dated: 1/29, 2009

_____
Judge of the District Court

1
**JUDGMENT**

L:\Word Legacy Documents\Templates\Civil\CA Motion to Remand (ALL DOCS).doc

**JS-6**
**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendant:

None     None

**Proceedings:**     (In Chambers)

## ORDER RE: MOTION TO INTERVENE, MOTION TO DISMISS, AND MOTION TO EXPUNGE NOTICE OF LIS PENDENS

### I. INTRODUCTION

In this lawsuit, Ernest Walker Bey III declares himself the attorney general of the "United States of America in the Family of Nations" and, in that capacity, seeks to take property located at 15153 Greenleaf Street in Sherman Oaks, California ("subject property") through eminent domain for its reasonable value, which he has determined to be $0.00. Bey names as defendant Henrik Sardariani, who may at one time have had an ownership interest in the subject property. Bey has also recorded a notice of lis pendens against the property.

Washington Mutual Bank ("WaMu") now moves to intervene in the lawsuit, to dismiss Plaintiff's claims, and to expunge the notice of lis pendens.[1] WaMu is a proper

---

[1] Because WaMu must first be a party to the action to move to dismiss the case and to expunge the notice of lis pendens, it has filed its motions to dismiss and to expunge as exhibits to its motion to intervene. WaMu is a proper party to this action; thus, for purposes of efficiency, the Court treats

**JS-6**
LINK: 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

party in this case because it recorded a first trust deed against the property when it loaned the property's former owner, Rockni Hossein, $2.9 million in March 2007. Although the pleadings are short on historical details, it appears that, less than a month later, Hossein obtained a home equity line of credit, secured by a second trust deed, and that in 2008, defendant Sardariani borrowed money from M.U.S.A. Inc., d/b/a Money USA ("Money USA") and purported to put up the subject property as collateral. Although Sardariani's ability to obtain the loan while Hossein appears to have owned the subject property is puzzling, these strange facts cannot change the fact that WaMu held a properly recorded senior lien on the property, that it recently foreclosed on the property (which Plaintiff concedes), that it is the owner of the property free and clear, and that Plaintiff has no authority to obtain the property through eminent domain. For these reasons, which are discussed in greater detail below, WaMu's motions are **GRANTED**.

## II. BACKGROUND

Plaintiff is the self-proclaimed "attorney general" of the "United States of America in the Family of Nations," the "de jure" federal government. According to Plaintiff's "notice of condemnation and notice of taking of property and tender of payment" ("Notice") (Docket No. 1), the "United States of America in the Family of Nations," pursuant to its "original jurisdiction" and "controlling sovereignty" and as "the de jure owner[] of the land in question," has the power under the "Fifth Amendment of the original de jure Constitution of the Preamble General National Government," to initiate eminent domain proceedings and to take private property for public use in exchange for just compensation. (Notice ¶¶ 1–7.) Plaintiff is exercising his purported eminent domain power to take the subject property for purposes of constructing, improving, and maintaining the "United States of America Counselor General housing for the Republic of California," and has determined that just compensation in this case is properly measured at $0.00. (Id. ¶¶ 5, 9.)

---

WaMu as having properly moved to dismiss the case and to expunge the notice of lis pendens. Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (recognizing that district courts have inherent power to manage their own dockets).

**JS-6**
**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

    WaMu has produced loan documentation that establishes the following sequence of events: In March 2007, WaMu and an individual by the name of Rockni Hossein executed a loan transaction in which WaMu loaned Hossein nearly $2.9 million, secured by a mortgage on the subject property. (Hester Decl. in Support of Mot. to Dismiss ("Hester MTD Decl.") ¶ 3; Ex. A.) Less than a month later, in April 2007, Hossein opened a home equity line of credit with a limit of $350,000 that was secured by a second deed of trust on the property. (Hester MTD Decl. ¶ 4; Ex. B.) In December 2007, defendant Sardariani entered into a loan transaction in the amount of $1.65 million with Money USA. (Hester MTD Decl. ¶ 5; Ex. C.) The loan was to be repaid in full by October 1, 2008, and was secured by a deed of trust on the property. (Hester MTD Decl., Ex. C [at 1 of 14].) Also in December 2007, the beneficial interest under the original March 2007 loan to Hossein was assigned to LaSalle Bank NA as trustee for WaMu. (Hester MTD Decl. ¶ 7; Ex. E.) In January 2008, Sardariani assigned the property to United Title, as trustee for Payam Amin. (Hester MTD Decl. ¶ 6; Ex. D.)

    In mid-2008, foreclosure proceedings were initiated against Hossein. (Hester MTD Decl. ¶ 8.) A "Notice of Default and Election to Sell Under Deed of Trust" was issued and recorded in July 2008. (Hester MTD Decl. ¶ 9; Ex. E.) The amount in arrears at the time of the Notice was $51,373.07. (Hester MTD Decl., Ex. E at 2.) A "Notice of Trustee's Sale" was issued and recorded in November 2008. (Hester MTD Decl. ¶ 9; Ex. G.) The foreclosure sale was originally scheduled to take place on November 25, 2008, but was "postponed to a later unspecified date" and had not yet occurred when WaMu filed the present motions.[2] (Hester MTD Decl. ¶ 10.)

---

    [2]As part of his supplemental pleading, Plaintiff submitted a print-out of a search conducted on the website of LPS Agency Sales & Posting, which appears to post information regarding foreclosed properties. (See Pl.'s Supplemental Brief, Ex. 4.) That print-out indicates that title in the property reverted to WaMu on January 9, 2009, although WaMu does not discuss this in its reply papers. In addition, Plaintiff admits in his supplemental brief that a trustee's sale occurred on January 9, 2009. (Pl.'s Supp. Br. at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

### III. DISCUSSION

Among the pages of Plaintiffs preposterous assertions, the Court has found only three points that one might reasonably construe as actual arguments. First, Plaintiff contends that WaMu "lacks standing," presumably, to intervene in the lawsuit, because WaMu consists of "14th Amendment citizen/persons" and was "never issued Land Patents or Land Grants/Treaties by Plaintiff[] which supersedes all Grantor Deeds/Warranty Deeds" (Opp. at 25), and because WaMu has not produced the original promissory note and other documents indicating its ownership of the property (Pl.'s Supp. Brief ¶ 6). Second, Plaintiff contends that, in any event, "the matter before the Court is hereby 'moot' as the defendants have settled the matter in question and [were] paid in full per market value." (Id.) Third, Plaintiff proclaims, without explanation, that WaMu's motion to intervene violates the Foreign Sovereign Immunities Act. None of Plaintiff's arguments is valid because all three contentions are premised upon Plaintiff's false assertion of official authority as the attorney general of the "United States in the Family of Nations." Moreover, WaMu has produced sufficient documentation to establish that it had a valid security interest in the subject property on which it foreclosed in early January 2009.

#### 1. *Motion to Intervene*

WaMu seeks to intervene in the present lawsuit pursuant to Rule 24 of the Federal Rules of Civil Procedure. Under Rule 24(a), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

As the beneficiary of the deed of trust securing the $2.9 million March 2007 loan to Hossein, WaMu undeniably held an interest in the subject property, which may be impaired or impeded by Plaintiff's lawsuit and the recording of a notice of lis pendens. Moreover, defendant Sardariani has not yet appeared in this litigation, even though

**JS-6**
**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

Plaintiff initiated the action more than two months ago, and is therefore unlikely to sufficiently represent WaMu's interests. Although the precise status of Hossein's ownership of the subject property when Sardariani received his loan is unclear, this factual ambiguity is not sufficient to warrant denying WaMu's motion to intervene. Indeed, any interest in the subject property Money USA might have is subordinate to WaMu's first-recorded deed of trust. Accordingly, WaMu's motion to intervene in the lawsuit is **GRANTED**.

### 2. *Motion to Dismiss*

A court may dismiss a complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1968–69 (2007); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007); see also Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). On a Rule 12(b)(6) motion, a court must accept all factual allegations pleaded in the complaint as true, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." Cahill, 80 F.3d 336 at 337–38; see also Stoner, 502 F.3d at 1120.

The Court is mindful that Plaintiff is proceeding pro se, and that he should thus be held "'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Pro se complaints "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks omitted) (quoting Franklin v. Murphy, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984)). Moreover, "'[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

**JS-6**
**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
| Title | Bey et al. v. Sardariani | | |

Given the lack of any legal basis for Plaintiff's claim that he may invoke the power of eminent domain to obtain ownership of the subject property, it is not necessary to delve into a detailed analysis of Plaintiff's claim. It is beyond reproach that the Fifth Amendment bestows upon *the government* the right to take private property for public use, subject to the payment of just compensation. See Kelo v. City of New London, 545 U.S. 469, 497 (2005) ("[T]he Takings Clause presupposes that *government* can take private property without the owner's consent . . . ." (emphasis added)). Plaintiff is not a government official and is not acting on behalf of a recognized government or government agency. Plaintiff cannot plead any set of facts that would entitle him to take the subject property via eminent domain. Accordingly, WaMu's motion to dismiss Plaintiff's lawsuit is **GRANTED WITHOUT LEAVE TO AMEND**, and the lawsuit is **DISMISSED WITH PREJUDICE**.

### 3. *Motion to Expunge & Request for Attorney's Fees*

After he initiated this lawsuit, Plaintiff recorded a notice of lis pendens on the subject property. (See Hester Decl. in Support of Mot. to Expunge ¶ 2.) Section 405.30 of the California Code of Civil Procedure provides that, after a lis pendens has been recorded, "any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. However, a person who is not a party to the action shall obtain leave to intervene from the court at or before the time the party brings the motion to expunge the notice." Cal. Code Civ. Proc. § 405.30. "A court shall order [a notice of lis pendens] expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Id. § 405.31. Because Plaintiff has failed to state a claim for which relief may be granted, WaMu's motion to expunge the notice of lis pendens is **GRANTED**.

WaMu seeks attorney's fees in the amount of $1,750.00 pursuant to section 405.38 of the California Code of Civil Procedure, which requires an award attorney's fees in favor of a party that prevails on a motion to expunge "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Id. § 405.38. WaMu's counsel claims that he spent

**JS-6**
**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07547 GAF (Ex) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Bey et al. v. Sardariani | | |

five hours researching and preparing the present motions, and seeks fees at a rate of $250 per hour. (Hester Decl. in Support of Mot. to Expunge ¶ 3.) The Court concludes that Plaintiff was not justified in initiating this frivolous lawsuit; thus, WaMu is entitled to attorney's fees under section 405.38. However, WaMu seeks attorney's fees for the time it spent researching and preparing ***all three motions*** presently before the Court. Section 405.38 mandates an award of attorney's fees only as to motions to expunge. Accordingly, WaMu is **AWARDED** $500.00 in attorney's fees under section 405.38 for the two hours it reasonably should have taken WaMu's counsel to research and prepare the motion to expunge. Plaintiff is **ORDERED** to pay WaMu $500.00 in attorney's fees, to be delivered to WaMu's counsel in this case

## IV. CONCLUSION

For the foregoing reasons, WaMu's motion to intervene and motion to expunge the notice of lis pendens are **GRANTED**, and WaMu's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**. The case is **DISMISSED WITH PREJUDICE**. Plaintiff is **ORDERED** to pay WaMu attorney's fees in the amount of $500.00.

**IT IS SO ORDERED.**